

**NUMBERS
13-10-00429-CR
13-10-00430-CR
13-10-00431-CR**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI - EDINBURG**

**MARGARET YORK,**                                                              **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                    **Appellee.**

**On appeal from the 36th District Court
of Aransas County, Texas.**

**MEMORANDUM OPINION**

**Before Chief Justice Valdez and Justices Rodriguez and Benavides
Memorandum Opinion by Chief Justice Valdez**

By three separate indictments, appellant, Margaret York, was charged with several instances of forgery, a state-jail felony, and one instance of debit-card abuse, also a state-jail felony. *See* TEX. PENAL CODE ANN. §§ 32.21(b), (d), 32.31(b), (d)

(Vernon Supp. 2010). With regard to the first instance of forgery, allegedly occurring on October 18, 2006, York pleaded guilty, and the trial court placed her on probation for three years and imposed a $1,000 fine. The State subsequently indicted York with two additional counts of forgery, allegedly occurring on July 3, 2007. York pleaded guilty to both counts of forgery, and the trial court sentenced her to confinement in the State Jail Division of the Texas Department of Criminal Justice for one year, probated the sentence, and imposed a $750 fine for each count. York was later indicted for the offense of debit-card abuse, allegedly occurring on June 10, 2008. York pleaded guilty to this offense, and the trial court sentenced her to two years' confinement in the StateJail Division of the Texas Department of Criminal Justice, probated for five years.

On November 13, 2009, the State filed motions to revoke York's probation in each case, alleging that she failed to: (1) report to her probation officer for several months; (2) submit to random urinalysis for several months; and (3) pay supervisory fees, fines, and restitution for several months. The State later amended its motions to revoke to further allege that York recently had been arrested for driving while intoxicated and unlawfully carrying a weapon, both of which constituted violations of the terms of her probation.

At the hearing conducted on the State's motion to revoke, York pleaded "true" to most of the allegations contained in the State's motions to revoke. The trial court accepted York's pleas of "true" and revoked her probation. In appellate cause number 13-10-00430-CR (the debit-card abuse case), the trial court sentenced York to two years' confinement in the State Jail Division of the Texas Department of Criminal Justice and ordered that she pay $10,000 in restitution. In appellate cause number 13-

2

10-00431-CR (the case involving the two counts of forgery allegedly committed on July 3, 2007), the trial court sentenced York to one years' confinement with no fine.  Finally, in appellate cause number 13-10-00429-CR (the case involving the first instance of forgery), the trial court sentenced York to two years' confinement with a $1,000 fine.  The sentences were ordered to run concurrently.  The trial court certified York's right to appeal in all three cause numbers, and these appeals followed.  We affirm.

## I. *ANDERS* BRIEF

Pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967), York's court-appointed appellate counsel has filed a brief with this Court, addressing each of the three appellate cause numbers and stating that his review of the record yielded no grounds or error upon which an appeal can be predicated in any of the appellate cause numbers.  Although counsel's brief does not advance any arguable grounds of error, it does present a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced in either appeal.  *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities.") (citing *Hawkins v. State*, 112 S.W.3d 340, 343-44 (Tex. App.–Corpus Christi 2003, no pet.)); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991).

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), York's counsel has carefully discussed why, under controlling authority, there are no errors in the trial court's judgments.  Counsel has informed this Court that he has:  (1) examined the record and found no arguable grounds to advance in any of

3

the three appellate cause numbers; (2) served copies of the brief and counsel's motions to withdraw on York; and (3) informed York of her right to review the record and to file a pro se response in each cause number.[1]  *See Anders*, 386 U.S. at 744; *Stafford*, 813 S.W.2d at 510 n.3; *see also In re Schulman*, 252 S.W.3d at 409 n.23.  More than an adequate period of time has passed, and York has not filed a pro se response.  *See In re Schulman*, 252 S.W.3d at 409.

## II. INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous.  *Penson v. Ohio*, 488 U.S. 75, 80 (1988).  We have reviewed the entire record in each appellate cause number and counsel's brief and have found nothing that would arguably support an appeal.  *See Bledsoe v. State*, 178 S.W.3d 824, 826-28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1.");  *Stafford*, 813 S.W.2d at 509.  Accordingly, we affirm the judgments of the trial court.

## III. MOTION TO WITHDRAW

In accordance with *Anders*, York's attorney has asked this Court for permission to withdraw as counsel in each appellate cause number.  *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779-80 (Tex. App.–Dallas 1995, no pet.) ("If an attorney believes the appeal is

---

[1] The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the rules of appellate procedure in order to be considered.  Rather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues."  *In re Schulman*, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (quoting *Wilson v. State*, 955 S.W.2d 693, 696-97 (Tex. App.–Waco 1997, no pet.)).

4

frivolous, he must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous.") (citations omitted)). We grant counsel's motions to withdraw. Within five days of the date of this Court's opinion, counsel is ordered to send a copy of the opinion and judgment in each appellate cause number to York and advise her of her right to file a petition for discretionary review.[2] *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

_____
ROGELIO VALDEZ
Chief Justice

Do not publish.
TEX. R. APP. P. 47.2(b)
Delivered and filed the
14th day of April, 2011.

---

[2] No substitute counsel will be appointed. Should York wish to seek further review of these cases by the Texas Court of Criminal Appeals, she must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with this Court, after which it will be forwarded to the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3; 68.7. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4.